**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-2520

_____

UNITED STATES OF AMERICA

v.

CARLOS GUTIERREZ-SOTO,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-19-cr-00265-001)
District Judge: Honorable William S. Stickman, IV

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
(March 22, 2021)

Before: HARDIMAN, GREENAWAY, JR., and BIBAS, *Circuit Judges*.

(Filed: March 23, 2021)

_____

OPINION*

_____

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Carlos Gutierrez-Soto appeals his judgment of conviction, arguing that his sentence was procedurally and substantively unreasonable. We will affirm.

I

Gutierrez-Soto pleaded guilty to reentering the United States illegally after two prior removals for state drug felonies and a previous illegal-reentry offense. About five months after he was removed for dealing cocaine in 2007, Gutierrez-Soto was arrested in Ohio for trafficking heroin. He was convicted of trafficking and illegal reentry and received concurrent sentences of 24 months' imprisonment for the former and 60 months for the latter, plus 3 years of supervised release. He was removed from the United States again in 2014.

His latest illegal reentry occurred in 2019. Gutierrez-Soto faced a United States Sentencing Guidelines (USSG) range of 84 to 105 months based on a criminal history category of IV and an offense level of 25. Gutierrez-Soto requested a downward variance under 18 U.S.C. § 3553(a), contending that he reformed himself after the 2014 removal and returned to the United States in 2019 to search for his son, not to commit new crimes. He also argued that USSG § 2L1.2 exaggerates the seriousness of his offense by "double counting" his prior crimes to enhance both his offense level and his criminal history category (though he acknowledged that the double counting is not illegal per se).

The District Court sentenced Gutierrez-Soto to 84 months, the bottom of the Guidelines range. Gutierrez-Soto timely appealed. He contends: (1) the District Court erred procedurally by neglecting his argument that it should vary from the Guidelines

2

range on policy grounds, namely that § 2L1.2's recidivist sentencing enhancement "is not based on national experience or empirical data," App. 107; and (2) his sentence was substantively unreasonable. We consider each argument in turn.

II[1]

A

Our review of the record leads us to conclude that Gutierrez-Soto did not preserve his policy-based objection to the illegal reentry sentencing enhancement. After the District Court announced the sentence, defense counsel simply stated—without elaboration or support—that the enhancement is not grounded in national experience or empirical evidence. This is not enough to preserve the argument for appeal because a party "must unequivocally put its position before the trial court at a point and in a manner that permits the court to consider its merits." *Shell Petroleum, Inc. v. United States*, 182 F.3d 212, 218 (3d Cir. 1999); *see also Frank v. Colt Indus., Inc.*, 910 F.2d 90, 100 (3d Cir. 1990) ("Particularly where important and complex issues of law are presented, a far more detailed exposition of argument is required to preserve an issue.").

We review unpreserved issues for plain error, *United States v. Flores-Mejia*, 759 F.3d 253, 259 (3d Cir. 2014) (en banc), which Gutierrez-Soto cannot show.[2] Sentencing

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

[2] Gutierrez Soto briefly argues that the District Court did not show that it knew it could deviate from the Guidelines range on policy grounds, but the record shows otherwise. At the February 7, 2020 hearing when Gutierrez-Soto pleaded guilty to illegal reentry, the District Court advised him that it could "decide on a sentence that's different from the advisory guideline range[.]" App. 31.

judges "must acknowledge and respond to . . . *properly presented* sentencing argument[s] which ha[ve] colorable legal merit and a factual basis." *United States v. Ausburn*, 502 F.3d 313, 329 (3d Cir. 2007) (emphasis added). The District Court did not erroneously ignore the policy objection because defense counsel never properly presented it. His sentencing memoranda were silent on the matter, and he did not make the point during the oral argument before the sentencing announcement. After the announcement, counsel offered only the fleeting assertion already noted. The District Court did not need to address the objection because Gutierrez-Soto's lawyer did not explain its basis.

B

Gutierrez-Soto's argument for substantive unreasonableness is unpersuasive as well. We will affirm a procedurally sound sentence "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Williams*, 974 F.3d 320, 376–77 (3d Cir. 2020) (quoting *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc)). The District Court fully considered Gutierrez-Soto's arguments for a lower sentence and concluded that an 84-month term was necessary given "the recidivist nature of th[e] offense." App. 97–106. Because we give that decision "due deference," *Gall v. United States*, 552 U.S. 38, 59–60 (2007), we hold that this bottom-of-the-Guidelines sentence was not unreasonable.

*     *     *

For these reasons, we will affirm the District Court's judgment of conviction.

4